## PRESTON v KROUS

Ohio Appeals, 2nd Dist, Miami Co.

No. 377.   Decided Nov. 18, 1939.

Frank C. Goodrich, Troy, for plaintiff-appellant.

Shipman & Shipman, Troy, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on plaintiff's appeal on questions of law and fact from the judgment of the Court of Common Pleas of Miami County, Ohio.

Plaintiff's petition alleged, among other things, that on the 28th day of November, 1933, he, plaintiff, entered into a partnership with the defendant for the purpose of carrying on the business of the Community Stock Sales, on Tuesday of each week, at defendant's barn on West Market Street, on State Route No. 55, just outside the western limits of the City of Troy, Ohio.

Plaintiff further alleges that from November 28, 1933, until January 8, 1935, he requested defendant to give him a statement of the receipts of said partnership, which defendant promised to do but never did, and on the 8th day of January, 1935, plaintiff withdrew from said partnership and demanded a full statement of the partnership funds.

The prayer of the petition asks for an accounting and the payment over to plaintiff of the amount found due.

Defendant first filed an answer and later, on leave of court, an amended answer. Both pleadings are very short, the original answer denying that plaintiff and defendant ever entered into a partnership. In the amended answer, the defendant set out the same averments as contained in his original answer, and for a second defense averred that the operation of the business during said period was at a loss, as would be shown by an accounting.

Following the joining of issues through the pleadings, the trial court, following consent of the parties, appointed David S. Porter referee for the determination of the issues, both of law and fact, with direction to report his findings and decison to the court without unnecessary delay.

Practically 200 pages of evidence was taken before the referee.

During the progress of the hearing, it was agreed by counsel for the respective parties that the evidence would be confined to the question as to whether or not there existed a partnership. That thereafter the hearing would be continued, pending the determination of this question.

At the close of all the testimony on this single question, followed by argument of counsel, the referee made separate findings of fact and conclusions of law, determining that the plaintiff had failed by a preponderance of evidence to establish the existence of a partnership between plaintiff and defendant.

Exceptions were presented to the trial court, and after hearing, the exceptions were overruled, and the referee's report confirmed.

Judgment was entered against the plaintiff and the petition dismissed at his costs.

This is the final order from which appeal is prosecuted to this court.

While the appeal was taken on questions of law and fact, which means a de novo hearing, yet the parties submitted the cause upon the pleadings and the evidence taken before the referee, without any additional testimony.

From the record it is our province to determine whether or not the plaintiff proved by a preponderance of the evidence that a partnership existed.

We have examined the record in its entirety and some parts of it we have re-read a second and third time. Plaintiff's and defendant's testimony are in direct conflict upon the question of whether or not a contract of partnership was entered into.

It is plaintiff's claim that this contract of partnership was entered into orally with no one present except himself and the defendant. As corroborative of his claim of partnership, he presents evidence of his activities in the furtherance of the business, such as securing the auctioneer, attending the sales, acting as ring man, assisting in receiving consigned livestock, assisting in loading purchased stock, furnishing two men whose wages he paid, assisting through his own efforts or those of

his men in making repairs, and other activities of the same nature.

Defendant directly denies any contract of partnership, and as corroborative of his claim, presents evidence that he owned the barn and all its equipment, furnished all money essential to the carrying on of the business, opened up the bank account in the name of Troy Community Sales, hired and paid all labor, and explains plaintiff's activities in that plaintiff was one of the largest dealers and thereby was interested in having successful sales whereby he would benefit at the sale of his individual live stock. Further, that defendant furnished all feed, straw, lime, disinfectant and other necessary items. That while people bringing in stock generally paid a feed bill of 20 to 35c a head and insurance of 5c a head, no charge was made against plaintiff for feed or insurance and such service fully compensated plaintiff for his work. That plaintiff received his check in full following each sale for any and all stock consigned by him and sold, less the usual commission.

Defendant in his set-up calculated commission on stock which he himself passed through the sale. It was plaintiff's claim that is evidence of his theory of partnership and defendant. asserts that it was merely a bookkeeping set-up in order to know whether or not the business was paying. Plaintiff's wife gave testimony of corroborative character.

We do not deem it necessary to review the testimony of each and every witness. Suffice it to say that plaintiff's evidence, together with his corroborative testimony, standing alone would be adequate to sustain his claim of partnership.

When we examine the defendant's testimony in its entirety, we find sufficient evidence to dispel the claim of partnership.

Considering the testimony of both plaintiff and defendant and all their witnesses, we are left in a quandary and we are uncertain as to whether or not there was a contract of partnership. Under this situation the plaintiff must fail for the reason that he has not produced such a preponderance of evidence as meets the requirements of the law.

Therefore plaintiff's appeal will be dismissed, at his costs.

Entry may be presented in accordance with this decision.

HORNBECK, PJ. & GEIGER, J., concur.

## APPLICATION FOR REHEARING

No. 377. Decided Dec. 5, 1939.

BY THE COURT:

The above entitled cause is now being determined on appellant's application for rehearing.

We have carefully examined the application and find nothing not considered before the release of the original opinion.

We can well understand the disappointment of counsel for appellant in our failure to determine that the evidence established a partnership.

We repeat what we stated in the original opinion that the testimony of plaintiff and his witnesses, standing alone, would abundantly support his claim of partnership. However, the testimony opposed adequately meets the inferences arising and left our minds in that uncertainty where we were unable to say that plaintiff had established by a preponderance of the evidence the fact of partnership.

The Master Commissioner had so found and his report was sustained by the trial court.

The three members of this court having unanimously arrived at the same conclusion, we have five minds agreeing that the evidence does not preponderate in favor of the plaintiff.

The application for rehearing will be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.